# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRANDON DANIEL** | § | |
| Petitioner, | § | |
| | § | CIVIL NO. A-17-CV-1069-LY |
| v. | § | |
| | § | This is a Capital Case |
| **LORIE DAVIS**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| Respondent. | § | |

## JOINT PETITION FOR AMENDED BRIEFING SCHEDULE

The parties jointly request that Petitioner, Brandon Daniel, be granted leave and 120 days to file a Consolidated Amended Petition for Writ of Habeas Corpus and Memorandum of Law after Petitioner files his initial Petition for Writ of Habeas Corpus. Additionally, the parties request that Respondent be granted leave and 90 days to file her Answer to Petitioner's Amended Petition. In support of this motion, the parties state as follows:

On November 21, 2017, this Court appointed the Federal Community Defender Office for the Eastern District of Pennsylvania to represent Petitioner in his federal habeas corpus proceedings. In that Order, this Court set a briefing schedule that the Respondent shall file her Answer 60 days after the filing of Petitioner's initial Petition.

In light of the additional time required to adequately research and develop such

pleadings, Petitioner hereby requests 120 days to file a Consolidated Amended Petition for Writ of Habeas Corpus and Memorandum of Law after Petitioner files his initial Petition. Petitioner wishes to brief the points of law supporting his claims in a Memorandum of Law. Although Petitioner plans to file a Consolidated Amended Petition and Memorandum of Law, additional time is required to allow undersigned counsel to research and prepare these legal arguments.

The parties feel the Court could benefit from substantive briefing on these issues. Moreover, it will benefit Respondent to know Petitioner's arguments and legal theories prior to filing her Answer. Finally, 120 days will put the deadline for the Amended Petition in mid-February, after the busy holiday season.

Additionally, undersigned counsel for Petitioner requires additional time to continue investigating and developing claims in support of Petitioner's claims for relief. To be clear, Petitioner does not seek leave to file new claims or extend his one-year statute of limitations under 28 U.S.C. § 2244(d). Rather, Petitioner intends to supplement and further brief the claims presented in his Petition for Writ of Habeas Corpus. In agreeing to this proposed schedule, Respondent does not expressly or impliedly waive any time bar or procedural defenses.

Federal Rule of Civil Procedure 15 allows Petitioner to amend his petition as of right up to 21 days after service of Respondent's Answer. *See* FRCP 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading."). However, an amendment by Petitioner after Respondent's Answer could prove problematic, creating a situation in which Petitioner could amend facts or legal theories after Respondent has already addressed them, necessitating further response. After conferring, the parties agree that granting Petitioner additional time to file a Consolidated Amended Petition for Writ of Habeas

Corpus and Memorandum of Law would be ideal and avoid such a scenario.

In order to adequately research and respond to Petitioner's arguments, the parties request 90 days after the filing of Petitioner's Consolidated Amended Petition for Writ of Habeas Corpus and Memorandum of Law for Respondent to file her Answer.

Moreover, Petitioner respectfully requests an extension of the page limit in this case to file a Petition for Writ of Habeas Corpus no longer than 150 pages. In support of this motion, Petitioner avers as follows:

In the Court's initial Order, this Court set a page limit of 100 pages for this Petition. An enlargement of the page limit is now necessary in order to fully inform this Court on the merits of Petitioner's claims for relief.

Petitioner's state habeas petition was approximately 350 pages long, not including attachments or supporting documents. When this Court issued the Order with the briefing schedule, it had not yet received the lengthy state habeas petition containing complex legal claims.

After reviewing Petitioner's state habeas petition, undersigned counsel for Petitioner has developed additional facts in support of the Petition. Undersigned counsel for Petitioner has secured additional declarations from fact witnesses as well as additional expert reports. Undersigned counsel has made every effort to succinctly present these facts to this Court. However, this task is difficult in light of the fact-intensive nature of many of Petitioner's claims. Thus, additional pages are necessary to plead these facts and explain their impact on Petitioner's claims for relief.

In light of the length of the state habeas petition, the fact-intensive nature of Petitioner's claims, and the development of additional facts in this case, Petitioner's request for leave to file a Petition for Writ of Habeas Corpus no longer than 150 pages is reasonable. In the interest of

parity, the parties also request this Court grant Respondent a corresponding increase to the page limit of their Answer to 150 pages.

WHEREFORE, for the foregoing reasons, the parties respectfully request an amended briefing schedule allowing Petitioner 120 days to file a Consolidated Amended Petition for Writ of Habeas Corpus and Memorandum of Law after Petitioner's initial Petition is filed, and 90 days after that Amended Petition is filed for Respondent to file her Answer. Additionally, the parties request an extension of the page limit to 150 pages for Petitioner's initial Petition and Respondent's Answer.

Respectfully submitted,

/s/ Shawn Nolan
Shawn Nolan
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West,
The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520

/s/ Katherine D. Hayes
Katherine D. Hayes
Assistant Attorney General
Office of the Attorney General of
Texas
Post Office Box 12548
Austin, Texas 78711-2548

Date: October 4, 2018

# CERTIFICATE OF SERVICE

      I hereby certify that on this date, I served the foregoing on the following person by ECF filing:

Katherine D. Hayes<br>
Assistant Attorney General<br>
Office of the Attorney General of Texas<br>
Post Office Box 12548<br>
Austin, Texas 78711-2548

          /s/ Shawn Nolan
          Shawn Nolan

Dated: October 4, 2018

# CERTIFICATE OF CONFERENCE

      I hereby certify that I have conferred with counsel for Respondent, Assistant Attorney General Katherine Hayes, who indicated she joins in this Joint Motion for Amended Briefing Schedule

                                              /s/ Shawn Nolan
                                              Shawn Nolan

Dated: October 4, 2018