UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| BRANDON DANIEL, | § | |
|---|---|---|
| PETITIONER, | § | |
| V. | § | CIVIL NO. A-17-CV-1069-LY |
| LORIE DAVIS, DIRECTOR,TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § | * DEATH PENALTY CASE * |
| RESPONDENT. | § | |

## ORDER

Before the court are Petitioner Brandon Daniel's Motion for Discovery (Doc. # 9), Respondent Lorie Davis's opposition (Doc. # 14), and Daniel's reply (Doc. # 16). Daniel requests permission to conduct discovery to support several claims raised in his petition for federal habeas-corpus relief. Also before the court are Daniel's motions to either update the current scheduling order or extend the time to file his amended petition for federal habeas-corpus relief (Doc. # 10, 11), as well as motions filed by each party to exceed the page limitations set forth in Local Rule CV-7 (Doc. # 13, 15).

After carefully considering the pleadings submitted by both parties, the court denies Daniel's discovery request because discovery would be premature at this time. The motions filed by both parties to exceed the page limitations are granted, and Daniel is given an additional 20 days to file his amended federal habeas-corpus petition.

### I. Background

Daniel was convicted and sentenced to death in February 2014 for the murder of Jaime Padron, a police officer with the Austin Police Department. His conviction and sentence were

affirmed on direct appeal, and his state application for post-conviction relief was denied by the Texas Court of Criminal Appeals on October 18, 2017. *Daniel v. State*, 485 S.W.3d 24 (Tex. Crim. App. 2016); *Ex parte Daniel*, No. 83,459-01 (Tex. Crim. App.). A year later, Daniel filed a petition for federal habeas-corpus relief in this court raising a total of 19 claims for relief supported by an 1,800-page appendix. (Doc. # 7).

Following the submission of Daniel's federal habeas-corpus petition, the court granted a joint proposed scheduling order allowing Daniel 120 days, up to February 12, 2019, to amend his petition. (Doc. # 8). A little over two weeks before this deadline, Daniel filed the instant motion for discovery to help him "establish record evidence in support of his allegations." (Doc. # 9).[1] Specifically, Daniel requests the following:

(1) all email communication between the trial judge and the prosecution from the time of Daniel's arrest in April 2012 to the conclusion of his state habeas proceedings in October 2017 (to help support Claims 1 and 3 of his petition);

(2) any and all notes taken by jurors during his trial (Claim 2);

(3) one vial of Daniel's blood that was taken following his arrest (Claims 7 and 8); and

(4) access to the murder weapon, law enforcement's case file, and the shirt Officer Padron was wearing when murdered (Claim 9).

Respondent opposes the discovery request regarding Claims 1, 2, 3, and 8 because the claims were exhausted and adjudicated during Daniel's state habeas-corpus proceeding, arguing that the Anti-Terrorism and Effective Death Penalty (AEDPA) precludes consideration of new factual material developed for the first time in the federal habeas court. Respondent also contends discovery should be denied with regard to Claims 7 and 9 because the claims are unexhausted and procedurally barred from federal habeas relief. In the alternative, Respondent

---

[1] At the same time, Daniel also filed his motions to either update the current scheduling order or extend the time for Daniel to file his amended federal petition.

asserts that each of the above requests are nothing more than a fishing expedition and should be denied because the evidence sought is speculative and ultimately unhelpful.

## II. The Discovery Standard

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); s*ee also Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007). Rule 6(a) of the Rules Governing Section 2254 Proceedings provides that a party may conduct discovery if the judge, in the exercise of his discretion and for good cause shown, grants leave to do so. However, both Supreme Court and circuit precedent have linked the showing of "good cause" under Rule 6(a) to an inmate's ability to establish entitlement to federal habeas relief. Before a federal court may authorize discovery, the court must first conclude that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks omitted); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Good cause may be found when a petition for a writ of habeas corpus establishes a *prima facie* claim for relief.").

## III. Analysis

Daniel seeks discovery to help develop and support both exhausted allegations (Claims 1, 2, 3, and 8) and allegations that have not been previously raised during Daniel's state-court proceedings (Claims 7 and 9). Concerning Daniel's claims that were adjudicated on the merits in state court, Daniel must overcome the deferential standard set forth by the AEDPA before federal habeas-corpus relief may be granted. Specifically, Daniel must show that the state court decision was "contrary to, or an unreasonable application of, federal law." *See* 28 U.S.C. § 2254(d)(1). Moreover, Daniel must overcome this heightened standard solely "on the record

3

that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) (stating that "evidence introduced in federal court has no bearing on § 2254(d)(1) review."); *Woodfox v. Cain*, 772 F.3d 358, 368 (5th Cir. 2014) (same).

While *Pinholster* explicitly addressed a federal court's *consideration* of new facts, it did not clarify whether the AEDPA also confined a federal habeas petitioner's *development* of new facts. In his reply, Daniel acknowledges review under Section 2254(d)(1) is limited to the state court record but argues *Pinholster* did not curtail a federal court's discretion to grant discovery under Rule 6 of the Rules Governing Section 2254 Proceedings. But Daniel provides no relevant precedent to support this contention and the Fifth Circuit has yet to directly address the implications of *Pinholster* on Rule 6 discovery. However, the Fifth Circuit has cited *Pinholster* to limit the federal habeas court's ability to develop new facts in areas other than the discovery process. For instance, *Pinholster* has been used to justify limitations on federal habeas evidentiary hearings. *See Evans v. Davis*, 875 F.3d 210, 217 n.5 (5th Cir. 2017); *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). It has also been cited recently in affirming the denial of expert or investigative assistance under 18 U.S.C. § 3599. *See Devoe v. Davis*, 717 F. App'x 419, 431 (5th Cir. 2018) (unpublished); *Mamou v. Davis*, 742 F. App'x 820, 825 n.3 (5th Cir. 2018) (unpublished). Thus, the logic behind limiting factual development through evidentiary hearings and funding arguably applies with equal force to discovery requests as well.

With that in mind, Daniel may not be completely foreclosed from the discovery he requests because *Pinholster* did not bar *all* new federal habeas factual development of exhausted claims. Rather, it limits factual development of claims reviewed under Section 2254(d)(1). If Daniel can meet Section 2254(d)(1)'s requirements, or establish Section 2254(d)(1) does not apply, factual development may be appropriate. *See Evans*, 875 F.3d at 217 n.5 (indicating

availability of factual development through an evidentiary hearing when an inmate had met the Section 2254(d)(1) standard); *Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013) (same). Because the parties have not finished briefing the issues, however, it is too early in these proceedings for the court to determine whether Daniel's exhausted claims satisfy the requirements of Section 2254(d)(1), much less to apply the traditional standards of Rule 6 to decide whether discovery is appropriate.

Daniel's request for factual development of his unexhausted claims at this juncture is similarly unpersuasive. Again, a petitioner must be able to establish entitlement to federal habeas relief before a federal court may authorize discovery. *Bracy*, 520 U.S. at 908-09. Yet, a petitioner cannot demonstrate that he is entitled to relief when procedural impediments prevent full federal review. *Id.* Here, Daniel's failure to exhaust Claims 7 and 9 in the state court renders those claims procedurally barred from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). As a result, Daniel cannot show good cause for discovery because procedural impediments preclude this court from considering the merits of those unexhausted claims. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004); *Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004) (unpublished); *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999).

On the other hand, a procedural default may be overcome with a showing of cause for the default and actual prejudice arising from the default, or with a demonstration that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. In his reply, Daniel contends he may still be able to demonstrate cause and prejudice to excuse the procedural default under the equitable exception set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013). But without the benefit of full briefing by

5

both parties on the issue, the court is unable and unwilling at this point to determine whether Daniel can overcome the procedural default of his claims.

## IV. Conclusion

This case is currently in the early stages of the pleading process, with Daniel's amended petition, Respondent's answer, and Daniel's reply yet to be filed. Because the parties have not finished briefing the relevant issues—including whether Daniel can overcome the AEDPA's deferential standard for his exhausted claims or provide cause and prejudice to excuse the procedural default of his unexhausted claims—the court lacks sufficient information to decide whether good cause exists for additional factual development of Daniel's claims. The discovery Daniel seeks is therefore premature at this stage.

Accordingly, it is hereby **ORDERED** that:

1. The Motion for Leave to File a Response in Excess of Ten Pages (Doc. # 13) filed by Respondent is **GRANTED**.

2. The Motion for Extension of the Page Limit (Doc. # 15) filed by Daniel is **GRANTED**.

3. Daniel's Motion for Discovery (Doc. # 9) is **DISMISSED WITHOUT PREJUDICE**. If necessary, Daniel may refile his discovery motion after his amended petition, Respondent's answer, and Daniel's reply have been submitted in this case.

4. Daniel's Motion for Extension of Time (Doc. # 11) is **GRANTED** in part and **DENIED** in part. Daniel is directed to file an Amended Petition for Writ of Habeas Corpus on or before **Monday, March 4, 2019**. Respondent shall file her answer or other responsive pleading on or before **90 days** after the filing of Daniel's Amended Petition for Writ of Habeas Corpus, and Daniel shall have no more than **60 days** after the filing of Respondent's answer to

6

file a reply to Respondent's answer in accordance with Rule 5(e) of the Rules Governing Section 2254 Cases. Each of these pleadings shall comply with the parameters set forth in this court's previous order (Doc. # 8) in all other respects.

5. Because of the above scheduling order, Daniel's Motion for Proposed Updated Scheduling Order (Doc. # 10) is unnecessary and is **DISMISSED**.

**SIGNED** this the 13th day of February, 2019.

_Lee Yeakel_
LEE YEAKEL
UNITED STATES DISTRICT JUDGE