UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2019 JUL -8 PM 5:28
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| BRANDON DANIEL, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL NO. A-17-CV-1069-LY |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | * DEATH PENALTY CASE * |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| RESPONDENT. | § | |

## ORDER

Before the court are Petitioner Brandon Daniel's Motion to Stay and Hold in Abeyance the Federal Habeas Proceeding (Doc. # 24), Respondent Lorie Davis's opposition (Doc. # 27), and Daniel's reply (Doc. # 31). Daniel requests that this court stay and abate this proceeding to allow him to return to state court to present numerous new claims for exhaustion purposes. Also before the court is Daniel's unopposed motion (Doc. # 30) requesting permission to exceed the page limitations set forth in Local Rule CV-7 when filing his reply to Respondent's opposition.

After carefully considering the relief sought by Daniel and the pleadings submitted by both parties, the court grants Daniel's motion to exceed the page limitations but denies Daniel's motion to stay the proceeding.

## Analysis

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), applicants are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal claim has been fairly presented to the highest court either on direct appeal or through state *habeas corpus* proceedings. *Morris v.*

*Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). When an applicant fails to exhaust his claims in state court, the federal district court has the authority to issue a stay in certain "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, any stay must be compatible with the AEDPA's purpose to reduce delays in the execution of state and federal criminal sentences. *Id.* at 276; *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). For these reasons, a stay and abeyance should be granted only when (1) "good cause" exists for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless;" and (3) there is no indication that the applicant has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. Daniel does not fall within these "limited circumstances."

A.    **Daniel has not established good cause.**

Daniel wishes to return to state court to exhaust "several meritorious claims that could and should have been raised in state postconviction proceedings." According to Daniel, state *habeas corpus* counsel unreasonably limited their investigation and failed to raise several of the unexhausted claims now presented in his federal petition. Daniel contends this inadequate representation during his state *habeas* proceedings provides sufficient cause under *Rhines* to excuse his failure to exhaust the new claims in state court. Regardless of the fact that Daniel's current counsel has identified additional non-frivolous issues that potentially could have been raised during his state *habeas* proceedings, however, there is no indication that state *habeas* counsel "fell short of their statutory and professional duties" as Daniel now contends. Quite the contrary, the record demonstrates that counsel filed a lengthy and thoroughly-researched state *habeas* application on Daniel's behalf which raised numerous well-briefed claims for relief, including several claims regarding trial counsel's performance, that were supported by well over 400 pages of exhibits.

Furthermore, simply because counsel did not raise the specific allegations that Daniel, in hindsight, now contends should have been raised does not render counsel's investigation or performance inadequate. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("Even the best criminal defense attorneys would not defend a particular client in the same way."); *cf. Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding appellate counsel is not ineffective merely because he fails to raise issues that his client requests him to raise); *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983) (holding appellate counsel is only constitutionally obligated to raise and brief those issues that are believed to have the best chance of success). Indeed, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983). Daniel fails to demonstrate that his new, unexhausted claims had a better chance of success than the numerous fully-developed claims raised by state *habeas* counsel during Daniel's state proceedings. As such, his self-serving accusations regarding counsel's representation does not constitute "good cause" under the *Rhines* standard to excuse his failure to raise his unexhausted claims in the state court.

**B.** **Daniel's claims are "plainly meritless."**

Even assuming Daniel could establish good cause for failing to exhaust his claims, an abuse of discretion would occur if this court granted a stay because the unexhausted claims are plainly meritless. *Rhines*, 544 U.S. at 277. Under *Rhines*, unexhausted claims are plainly meritless if the court to which the applicant must return for exhaustion proceedings would find the claim barred. *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (holding a procedurally barred claim is "plainly meritless" under *Rhines*). Such is the case here.

3

Under Texas Code of Criminal Procedure Article 11.071, Section 5(a), a Texas court may not consider a subsequent writ application unless the legal or factual issues were unavailable at the time the previous application was filed or, but for a violation of the Constitution, no rational juror could have found the applicant guilty or voted in favor of a death sentence. Daniel freely admits his new, unexhausted claims "could and should have been raised in state post-conviction proceedings," and thus cannot demonstrate that the claims were unavailable under Article 11.071, Section 5(a)(1). Daniel also provides no argument concerning his innocence of either the underlying crime or the resultant death sentence under Article 11.071, Section 5(a)(2) and (3). The unexhausted claims would therefore be barred if Daniel attempted to present them in a subsequent writ application in state court.

Instead of attempting to surmount the subsequent writ bar found in Article 11.071, Daniel argues the Texas Court of Criminal Appeals (TCCA) *may* permit review of his new claims because of his state *habeas* counsel's alleged ineffectiveness during the original proceedings. Although acknowledging the TCCA's previous foreclosure of this exception in *Ex parte Graves*, 70 S.W.3d 103, 117 (Tex. Crim. App. 2002), Daniel speculates the TCCA intends to revisit and overturn *Graves* in the appropriate case. Other than sheer conjecture, however, Daniel has not pointed to a single instance where the TCCA excused the procedural bar of a successive *habeas corpus* application based upon the ineffective assistance of counsel in the original proceeding. Indeed, the TCCA's practice is quite clear—it does not recognize an exception to the subsequent writ bar based on the ineffectiveness of state *habeas* counsel. *Ex parte McCarthy*, No. 50,360-04, 2013 WL 3283148 (Tex. Crim. App. June 24, 2013). Thus, even if Daniel were given another opportunity to return to state court, there is no question that the TCCA would dismiss any application as successive pursuant to Article 11.071, Section 5.

4

As a result, any new claims Daniel wishes to exhaust in state court would be procedurally defaulted in federal court. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992) (holding that an unexhausted claim is procedurally defaulted for federal *habeas corpus* purposes if the claim would now be procedurally barred by the state court); *Williams*, 602 F.3d at 305-06 (holding a petitioner's claims were procedurally defaulted because if the petitioner returned to state court, the court would not consider the merits under Article 11.071, § 5(a)). Because the new claims were clearly available during his state *habeas* proceeding but not properly asserted, the procedurally defaulted claims are considered meritless under the *Rhines* standard. *Neville*, 423 F.3d at 480. For these reasons, an abeyance would be futile. *Id.*

## Conclusion

In order to be entitled to a stay and abeyance to return to state court and exhaust state court remedies, a petitioner must establish (1) good cause for the failure to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication of abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Daniel has not made this showing.

It is therefore **ORDERED** that the unopposed Motion for Extension of Page Limit (Doc. # 30) filed by Daniel is **GRANTED**.

It is further **ORDERED** that the Motion to Stay and Hold in Abeyance the Federal Habeas Proceeding (Doc. # 24), filed by Daniel on March 27, 2019, is **DENIED**.

**SIGNED** this the _8th_ day of July, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE