UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2020 NOV 30  AM 10: 46
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

| | | |
|---|---|---|
| BRANDON DANIEL, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL NO. A-17-CV-1069-LY |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | * DEATH PENALTY CASE * |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| RESPONDENT. | § | |

## ORDER

Before the court are Petitioner Brandon Daniel's Motion for Stay and Abeyance of these federal habeas proceedings and Motion for Discovery. (Doc. # 49, 61). Daniel seeks to stay these proceedings to allow him to return to state court to present several new claims for exhaustion purposes and requests permission to conduct discovery to support several claims raised in his Amended Petition for Writ of Habeas Corpus (Doc. # 18). Respondent opposes both motions. (Doc. # 51, 65).

After carefully considering the pleadings submitted by both parties, the court grants Daniel's request to stay and abate these proceedings. But because part of Daniel's expansive discovery request concerns unexhausted claims that have not been presented to the state courts, the court dismisses the discovery request to allow Daniel to seek discovery in the state court first.

### I. Background

Daniel was convicted and sentenced to death in February 2014 for the murder of Jaime Padron, a police officer with the Austin Police Department. His conviction and sentence were affirmed on direct appeal, and his state application for post-conviction relief was denied by the

Texas Court of Criminal Appeals on October 18, 2017. *Daniel v. State*, 485 S.W.3d 24 (Tex. Crim. App. 2016); *Ex parte Daniel*, No. 83,459-01 (Tex. Crim. App.). A year later, Daniel filed a petition for federal habeas-corpus relief in this court raising a total of 19 claims for relief supported by an 1,800-page appendix. Daniel later filed 230-page Amended Petition supported by an additional 250 pages of exhibits.

Of the 19 grounds for relief alleged in his original and amended petitions, Daniel concedes that several allegations were not raised in his prior state court proceedings and are thus unexhausted. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), applicants are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). For this reason, Daniel requested a stay and abeyance of these proceedings to allow him to present his unexhausted claims to the state courts. This court denied Daniel's original request based, in part, on his failure to demonstrate "good cause" for not raising the unexhausted claims in the state court prior to seeking federal habeas-corpus relief.

Following the denial of Daniel's first motion to stay, the court has received a 230-page Answer by Respondent, a 72-page Reply by Daniel, a surreply by Respondent, and Daniel's response to Respondent's surreply. Daniel also requested, and the court granted, permission to add an additional claim for relief to his Amended Petition. This new allegation (Claim 20) challenges the validity of the Texas death-penalty statute based on the Supreme Court's decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Because the *Ramos* opinion was not decided until April 2020, however, the claim was previously unavailable to Daniel to raise in his prior state court proceedings. Thus, Daniel now moves this court to stay and abate his federal habeas corpus proceedings to allow the exhaustion of his new allegation in state court.

Daniel also asks this court to authorize discovery to help him "establish evidence in support of his allegations." Specifically, Daniel requests the following:

(1) all email communication between the trial judge and the prosecution from the time of Daniel's arrest in April 2012 to the conclusion of his state habeas proceedings in October 2017 (to help support Claims 1 and 3 of his Amended Petition);

(2) any and all notes taken by jurors during his trial (Claim 2);

(3) one vial of Daniel's blood that was taken following his arrest (Claims 7 and 8); and

(4) access to the murder weapon and an opportunity to examine the gun to determine the extent it malfunctions (Claim 9).

Respondent opposes the discovery request because the majority of the claims Daniel seeks to develop are unexhausted and procedurally barred from federal habeas relief. Regarding the claims that were exhausted and adjudicated during Daniel's state habeas-corpus proceeding, Respondent argues that the AEDPA precludes consideration of new factual material developed for the first time in the federal habeas court. In the alternative, Respondent asserts that each of the above requests are nothing more than a fishing expedition and should be denied because the evidence sought is speculative and ultimately unhelpful.

## II. The Motion to Stay

When a habeas applicant fails to exhaust his claims in state court, a federal district court has the authority to issue a stay in certain "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance should be granted when a petitioner shows: (1) "good cause" exists for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless;" and (3) there is no indication that the applicant has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

Daniel requests permission to return to state court to exhaust his new allegation (Claim 20) challenging the validity of the Texas death-penalty statute under the Supreme Court's recent

3

decision in *Ramos*. Because the claim was unavailable to Daniel until April 2020, at the earliest, the court concludes Daniel meets the *Rhines* requirements and that a stay of this case is warranted so that he may litigate the issue in state court before returning to federal court.

Furthermore, given the principles of comity underlying the AEDPA as well as the fact-intensive nature of the numerous claims raised by Daniel in his lengthy Amended Petition, the court believes the state habeas court should have the first opportunity to address the merits of (or dismiss under an adequate state procedural rule) all of the new allegations raised by Daniel in his Amended Petition or recent supplement thereto. Thus, out of an abundance of caution, this court will permit Daniel to return to state court and exhaust available state habeas remedies on any of the currently unexhausted claims raised in this cause. *See Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006) (holding that, under *Rhines*, "a district court has discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition.").

### III.    The Discovery Motion

It is well-settled that "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); s*ee also Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007). Under Rule 6(a) of the Rules Governing Section 2254 Proceedings, a party may conduct discovery only if the judge, in the exercise of his discretion and for good cause shown, grants leave to do so. However, both Supreme Court and circuit precedent have linked the showing of "good cause" under Rule 6(a) to an inmate's ability to establish entitlement to federal habeas relief. Before a federal court may authorize discovery, the court must first conclude that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks omitted); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Good cause may be found when a petition for a writ of habeas corpus establishes a *prima facie* claim for relief.").

Daniel has not made this showing. He admittedly seeks discovery to help develop and support allegations (Claims 1-3, 7-9) that were at least partially unexhausted during his previous state court proceedings. This failure to exhaust in the state court renders those claims procedurally barred from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). As a result, Daniel cannot show good cause for discovery—i.e., an ability to establish entitlement to federal habeas relief—because procedural impediments preclude this court from considering the merits of those unexhausted claims. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004); *Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004) (unpublished); *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999).

In his reply, Daniel contends discovery should be granted to allow him to develop evidence that would support an excuse for the procedural default. Indeed, a procedural default may be overcome with a showing of cause for the default and actual prejudice arising from the default, or with a demonstration that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Yet, Daniel has provided no persuasive support for his assertion that discovery is available to make such a showing. *See Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016) (finding no affirmative right to additional fact-finding to establish cause and prejudice under the equitable exception created in *Martinez v. Ryan*, 566 U.S. 1 (2012)). Moreover, the procedural default of Daniel's claims is currently based on his failure to exhaust the claims in state court, something the stay and abeyance of these proceedings

will potentially remedy. Thus, the more appropriate venue for a discovery request at this time is in state court. If necessary, Daniel may refile his discovery motion following the adjudication of his subsequent state habeas corpus application.

## IV. Conclusion

Given the principles of comity underlying the AEDPA, the court believes the state habeas court should have the first opportunity to address the unexhausted allegations raised by Daniel in his amended petition for federal habeas corpus relief. Thus, out of an abundance of caution, the court concludes a stay of this case is warranted so that Daniel may return to state court to litigate these allegations. On the other hand, Daniel has not demonstrated "good cause" to grant his lengthy discovery request. Daniel is encouraged to raise his request upon his return to state court.

Accordingly, it is hereby **ORDERED** that:

1. Daniel's Motion for Stay and Abeyance, filed September 4, 2020 (Doc. # 49), is **GRANTED**, and all proceedings in this cause are **STAYED** and this cause is held in **ABEYANCE** pending further Order from this court. The instant proceedings are hereby administratively **CLOSED**.

2. On or before **30 days** from the date of this Order, Daniel's federal habeas counsel shall file a subsequent state habeas-corpus application in the appropriate state court setting forth all currently unexhausted claims for relief Daniel wishes to exhaust, including all factual theories and legal arguments supporting the same. If Daniel fails to file a state habeas application within 30 days, either party may move to lift the stay.

3. Every **60 days** thereafter, Daniel's federal habeas counsel shall file an advisory informing this court of the status of Daniel's subsequent state habeas-corpus application.

Counsel shall also notify this court immediately when the Texas Court of Criminal Appeals finally adjudicates Daniel's subsequent state habeas-corpus application.

4. Within **60 days** after the Texas Court of Criminal Appeals disposes of Daniel's state habeas-corpus application, counsel for Daniel shall file either (a) an amended federal petition totaling no more than **250 pages in length** setting forth all of the claims (and their factual and legal bases) Daniel wishes this court to consider in this cause, or (b) an advisory stating Daniel wishes to proceed with only those claims and evidence raised in Daniel's Consolidated and Amended Petition for Writ of Habeas Corpus filed March 4, 2019 (Doc. # 18). Given the extensive amount of briefing already before the court, **no extensions of the time or page limits will be granted**.

5. Finally, Daniel's Motion for Discovery (Doc. # 61) is **DISMISSED WITHOUT PREJUDICE**.

SIGNED this the 30th day of November, 2020.

_____
**LEE YEAKEL
UNITED STATES DISTRICT JUDGE**