IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRANDON DANIEL, | § § § | |
| Petitioner | § § | |
| v. | § § | Civil Action No. A-17-cv-1069-LY |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | **THIS IS A CAPITAL CASE** |
| Respondent. | § § | |

**PETITIONER'S ADVISORY TO THE COURT**

Pursuant to this Court's January 29, 2021 Order, Petitioner, through undersigned counsel, files this advisory regarding the status of discovery and proposed timeline for the filing of his subsequent state habeas-corpus application. Petitioner states as follows:

1.  On November 30, 2020, this Court granted Petitioner's motion to stay and abey these federal proceedings in order for Petitioner to exhaust available state habeas remedies on any unexhausted claims. ECF No. 72 at 4. In the same order, this Court encouraged Petitioner to raise his discovery requests upon his return to state court. *Id.* at 6.

2.  In light of this Court's order, undersigned counsel has ethical and professional duties to thoroughly and diligently exhaust all available claims in state court. Counsel will litigate claims that they have recognized as unexhausted, as well as claims where there is a dispute among the parties over the issue of exhaustion.

3.  Undersigned counsel's ethical and professional duties include the duty to seek and review discovery. Respondents have pointed out that the discovery Petitioner seeks is under the

control of the Austin Police Department and the Travis County District Attorney's Office. ECF No. 65 at 19-21.

4.      In order to comply with Texas Code of Criminal Procedure Art. 11.071 § 5 which governs subsequent state habeas applications, Mr. Daniel must show "the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." Tex. Crim Code Art. 11.071 § 5(a)(1). Because of this requirement, Mr. Daniel must complete seeking discovery *before* he files his application in state court so he is able to include any claims or evidence based on review of that discovery. Otherwise, the state court cannot consider the new evidence, even if it were later submitted, in conjunction with his already filed subsequent petition.

5.      Section 11.071 § 5 does not contain any provisions allowing a petitioner to amend or supplement a subsequent application once it is filed. *See* Tex. Crim Code 11.071§ 5. This is because the Texas post-conviction procedural system is designed to give a petitioner "one bite at the apple," requiring him to include all the relevant facts and evidence in the petition he first submits to the court. *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997), *citing* House floor, S.B.440, May 18, 1995, Tape 166, Side A ("we tell individuals that, everything that you can possibly raise the first time, we expect you to raise it initially, one bite of the apple"). A petitioner may not present state habeas applications in a piecemeal fashion: "If [petitioner] has grounds which would justify the granting of the relief he seeks, he should present them with dispatch for determination, rather than doling them out one-by-one in repeated attempts." *Ex parte Carr*, 511 S.W.2d 523, 525 (Tex. Crim. App. 1974).

6.      For this reason should Mr. Daniel file his subsequent application in state court immediately, and then afterwards seek and receive discovery, and then attempt to amend or

supplement his petition with the new discovery, he could not submit that discovery for the court to consider with his previously filed application. If he were to move to amend the already filed subsequent application based on the fruits of the discovery, as he might in federal court, the Texas court would treat the amendment as a second subsequent application. *See e.g., Ex parte Sorto*, No. WR-71,381-01, 2009 WL 483147, at *1 (Tex. Crim. App. Feb. 25, 2009) (treating Petitioner's "Motion to Amend Petition for State Habeas Corpus" as a subsequent application and dismissing it as an abuse of the writ.)

7. Counsel for Petitioner have requested discovery from the Travis County District Attorney's Office. That office advised counsel that upon its initial review, it intends to provide some, perhaps a substantial portion, of the discovery requested. It further advised that due to the nature of the request and staff changes within the office, it needs 60 days to compile a discovery plan.

8. Therefore, Petitioner proposes the filing of an advisory with this Court in 60 days to provide the status of discovery and provide a timeline of the discovery review. Counsel will advise this Court earlier if we receive the requested discovery before 60 days pass. Counsel will file the subsequent state writ within 30 days of the completion of the discovery process.

9. This request is not designed to stall or otherwise manufacture delay, but to ensure that counsel is able to conduct discovery and prepare Petitioner's state application in accordance with professional standards and Texas procedure.

10. Counsel has informed counsel for Respondent, Assistant Attorney General Katherine D. Hayes, of the status of Petitioner's case in state court and will continue to keep her apprised.

                Respectfully submitted,

                /s/ Shawn Nolan
                Shawn Nolan
                Peter J. Walker
                Federal Community Defender for the
                Eastern District of Pennsylvania
                Suite 545 West, The Curtis
                601 Walnut Street
                Philadelphia, PA 19106
                (215) 928-0520
                Shawn_Nolan@fd.org
                Peter_Walker@fd.org

                COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing on the following person by ECF filing:

Katherine D. Hayes
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548

/s/ Peter J. Walker
Peter J. Walker

Dated: March 1, 2021